IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK HASKEY,

        Petitioner,

v.

CHARLES DANIELS, Warden,

        Respondents.

Civil No. 05-249-AS

OPINION AND ORDER

    MARK HASKEY
    Fed. Reg. No. 33623-086
    FPC Sheridan
    P.O. Box 6000
    Sheridan, OR  97378-6000

        Petitioner *Pro Se*

    KARIN J. IMMERGUT
    United States Attorney
    District of Oregon
    CRAIG J. CASEY
    Assistant United States Attorney
    1000 S.W. Third Ave., Suite 600
    Portland, OR  97204

        Attorneys for Respondents

ASHMANSKAS, Magistrate Judge.

Petitioner, an inmate at FPC Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Currently before the court is the Petition for Writ of Habeas Corpus (#1). The parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with 28 U.S.C. § 636(c).

## BACKGROUND

On November 4, 2003, Petitioner pleaded guilty to two counts of Social Security Fraud in the United State District Court for Western District of Washington. On April 16, 2004, the trial judge sentenced Petitioner to 15 months of imprisonment. Petitioner self-surrendered to the Federal Prison Camp at Sheridan, Oregon, on June 13, 2004. Petitioner's scheduled release date is July 14, 2005.

Petitioner does not challenge the legality of his conviction or sentence. Instead, he requests an order requiring Respondents to consider placement of Petitioner in a Community Corrections Center ("CCC") pursuant to 18 U.S.C. § 3624(c), and declare that 18 U.S.C. § 3621(b) authorizes Respondent Daniels to transfer Petitioner to a CCC at any time. Respondents argue the Petition for Writ of Habeas Corpus must be denied because: (1) Petitioner has not exhausted all available administrative remedies; (2) Petitioner has no legitimate expectation and/or protected liberty

2 - OPINION AND ORDER -

interest for early release; and (5) a new administrative rule adopted by the BOP precludes Petitioner from receiving the relief sought.

**LEGAL STANDARDS**

Petitioner brings this action pursuant to 28 U.S.C. § 2241. To obtain relief under § 2241, Petitioner must establish that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(b)(3).

**DISCUSSION**

I. **Exhaustion of Remedies**

It is well settled that federal prisoners must exhaust their federal administrative remedies prior to filing a habeas corpus petition. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); see also Fendler v. United States Parole Com'n, 774 F.2d 975, 979 (9th Cir. 1985). The exhaustion requirement is not, however, jurisdictional in § 2241 cases. Rivera v. Ashcroft, 394 F.3d 1129, 1139 (9th Cir. 2005). Rather, "[e]xhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void." United Farm Workers of America v. Ariz. Agr. Emp. Rel. Bd., 669 F.2d 1249, 1253 (9th Cir. 1982) (citation omitted); see also Fraley v. United States Bureau of

Prisons, 1 F.3d 924, 925 (9th Cir. 1993) (exhaustion waived where request for administrative remedy initially denied by Community Corrections Office based upon official BOP policy and further appeal would almost certainly have been denied based upon the same policy).

The record before this Court establishes that exhaustion of administrative remedies would be futile. First, by the time petitioner exhausted every available administrative remedy, he may well be done with serving his entire sentence.[1] More important, however, it is clear petitioner's claim will be rejected based upon official BOP policy as applied at FPC Sheridan. Accordingly, exhaustion is excused.

## II. **Relief on the Merits**

Petitioner's claims arise from a change in the BOP's interpretation of 18 U.S.C. §§ 3621(b) and 3624(c). Section 3621(b) provides:

> (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and

---

[1] Upon receipt of a formal written Administrative Remedy Request on the appropriate form ("BP-9") from an inmate, the Community Corrections Manager ("CCM") has 20 days to respond. The inmate then has 20 more dates to appeal to the Regional Director, who has 30 days to respond. If still dissatisfied, the inmate may appeal to General Counsel within an additional 30 days, to which the General Counsel has 40 days to respond. See 28 C.F.R. § 542.

4 - OPINION AND ORDER -

whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--

    (1) the resources of the facility contemplated;

    (2) the nature and circumstances of the offense;

    (3) the history and characteristics of the prisoner;

    (4) any statement by the court that imposed the sentence--

        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

        (B) recommending a type of penal or correctional facility as appropriate; and

    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another....

18 U.S.C. § 3621.

Section 3624(c) provides:

(c) Pre-release custody.--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer
5 - OPINION AND ORDER -

assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624.

Prior to December 2002, the BOP interpreted these statutes to allow inmates to serve any or all of their terms of imprisonment in CCCs. Under this interpretation, the BOP had a long-standing policy of transferring prisoners to CCCs to serve the remainder of their sentences, up to 180 days, in an attempt to facilitate successful transition into the community.

On December 20, 2002, the BOP's Office of Legal Counsel concluded that this decades-long policy was wrong, and that Section 3624(c) limited the discretion granted by Section 3621(b). The Office of Legal Counsel decided the maximum period of time a prisoner can serve his sentence in a CCC in connection with pre-release programming is the lesser of six months or ten percent of the inmate's sentence after the deduction of good time credits.[2]

---

[2] The policy change was based in large part on the Office of Legal Counsel's determination that a CCC is not a "place ... of imprisonment" as required by the first sentence of § 3621(b). This determination was in turn based upon language contained in § 5C1.1 of the United States Sentencing Guidelines, interpreted by courts to exclude CCCs as a "place of imprisonment." The court notes without deciding whether the Supreme Court's recent case holding mandatory application of the Sentencing Guidelines unconstitutional might vitiate the underlying basis for the policy and rule change. See United States v. Booker, 125 S.Ct. 738, 759 (2005).

6 - OPINION AND ORDER -

Effective February 14, 2005, the BOP adopted an administrative regulation codifying the December 2002 policy statement at 28 C.F.R. § 570.20, which provides:

> (a) This subpart provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community confinement. The Bureau designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.
>
> (b) As discussed in this subpart, the term "community confinement" includes Community Corrections Centers (CCC) (also known as "halfway houses") and home confinement.

A companion rule, 28 U.S.C. § 570.21, provides:

> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
>
> (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program (18 U.S.C. § 3621(e)(2)(A)), or shock incarceration program (18 U.S.C. § 4046(c))).

The December 2002 change in policy spawned numerous legal challenges from inmates who previously would have been eligible for CCC placement at any time during their incarceration, including the last six months. See Pinto v. Menifee, 2004 WL 3019760 (S.D.N.Y. December 29, 2004) (summarizing the current legal landscape); see also Franceski v. Bureau of Prisons, 2005 WL

821703 (S.D.N.Y. April 8, 2005) (updated summary of conflicting case law). As noted therein, two circuit courts have addressed the merits of the December 2002 policy change, both invalidating the new policy on the grounds that BOP's interpretation of the statutes is erroneous. See Elwood v. Jeter, 386 F.3d 842, 846-47 (8th Cir. 2004) (holding BOP had discretion to transfer prisoners to community confinement at any time during their incarceration); Goldings v. Winn, 383 F.3d 17, 23-27 (1st Cir. 2004) (holding that § 3624(c) does not prohibit the BOP from transferring prisoners to a CCC prior to the lesser of six months or ten percent of the end of their prison terms, and that § 3621(b) confers upon BOP discretionary authority to execute such transfers). On April 5, 2005, this court held likewise, granting relief in Cook v. Gonzales, CV 05-09-AS (Opinion and Order, April 5, 2005). To date, the Ninth Circuit Court of Appeals has not addressed the merits of the policy change.

The legality of the new BOP regulations, 28 C.F.R. §§ 570.20 and 570.21, was examined in Drew v. Menifee, 2005 WL 525449 (S.D.N.Y. March 4, 2005). There, upon engaging in an extensive analysis of the statutes and legislative history, the court concluded the new regulations fail "because the BOP has not exercised its discretion on the basis of the factors set forth in Section 3621(b)." Id. at *4. As the court explained,

8 - OPINION AND ORDER -

> With respect to the possibility of placement in a CCC prior to the last ten per cent or six months of the prisoner's sentence, the [new] Rule simply posits a uniform rule that entirely ignores Section 3621(b)'s command. No consideration is given to the prisoner's offense of conviction, the prisoner's history and characteristics or any of the other factors identified in the statute.

Id.

As in Cook, this court agrees that both the December 2002 policy and the new BOP regulations are invalid. Under § 3621(b) and § 3624(c), the BOP is obligated to facilitate a prisoner's transition from the prison system, and must exercise discretion in formulating a plan of pre-release conditions, which *may* include CCC placement.

The courts granting relief from application of the new policy and/or new regulations uniformly agree an inmate's immediate designation to a CCC is not mandated. See, e.g., Drew, 2005 WL 525449 at *6; Pinto, 2004 WL 3019760 at * 14; Elwood, 386 F.3d at 847; Knish v. Stine, 2004 WL 2800960, *5 (D.Minn. Nov. 24, 2004). Instead, the appropriate remedy is to order respondent to consider the appropriateness of transferring an inmate to a community confinement center in light of the factors set forth in § 3621(b) and another factors deemed appropriate by the BOP, without reference to either the December 2002 policy or 28 C.F.R. § 570.21. Id.

## **CONCLUSION**

Based on the foregoing, the Petition for Writ of Habeas Corpus is GRANTED, and Respondents are ORDERED to consider the appropriateness of transferring Petitioner to a community confinement center in light of the factors set forth in § 3621(b) and any additional factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21. Respondent is to make this determination promptly, and, in any event, no later than 30 days from the date of this Opinion and Order.

IT IS SO ORDERED.

DATED this __22__ day of April, 2005.

                                     /s/ Donald C. Ashmanskas
                                       Donald C. Ashmanskas
                                       United States Magistrate Judge